IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JERRY W. STEVENS,

     Plaintiff,

  v.                                      Case No. 2:09-cv-634
                                             JUDGE GREGORY L. FROST
MATT COOK, et al.,                 Magistrate Judge Terence P. Kemp

     Defendants.

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss (Doc. # 7) filed by Defendant Matt Cook and a motion to dismiss (Doc. # 11) filed by Defendant the Village of McConnelsville. For the reasons that follow, this Court finds the motions well taken.

## I. Background

The Court necessarily accepts the following factual allegations contained in the Complaint (Doc. # 3) as true in the context of considering the pending motions to dismiss (Docs. # 7 & 11.) On June 27, 2006, Defendant Matt Cook, an employee of the Village of McConnelsville probation department, and Defendant Jason Rhodes, an employee of the City of Athens probation department, entered upon the property of Plaintiff, Jerry W. Stevens. Cook and Rhodes were purportedly searching for a fugitive. According to Stevens, Cook entered Stevens' residence without notice, pushed Stevens, and discharged into Stevens' face and upper torso either mace or pepper spray. Rhodes stood nearby in between the front door of the residence and Cook and Stevens. According to Stevens, Rhodes pointed a firearm at an unidentified occupant's head while the foregoing events took place.

Proceeding *pro se*, Stevens initiated the instant lawsuit on July 21, 2009. His Complaint

claims that Cook and Rhodes deprived him of a right secured by federal law or the United States Constitution.  He has named Cook, Rhodes, and the Village of McConnelsville, which he asserts condoned the acts of Cook and Rhodes pursuant to Village policy.  The docket indicates that service has been executed on Cook and the Village (Doc. # 6), but there is no indication that service has been executed on Rhodes (Doc. # 9).  Cook and the Village have moved to dismiss the Complaint.  (Docs. # 7 & 11.)  Stevens has failed to respond to the motions.  The period of briefing on the motions has expired, and the motions are now ripe for disposition.

## II.  Discussion

### A.  Standard Involved

Cook and the Village move for dismissal under Federal Rule of Civil Procedure 12(b)(6), which requires an assessment of whether Stevens has set forth a claim upon which this Court may grant relief.  Under the United States Supreme Court's most recent articulation of the analytic standard involved in applying this rule, this Court must construe the Complaint in favor of Plaintiff, accept the factual allegations contained in the Complaint as true, and determine whether Plaintiff's factual allegations present plausible claims.  *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-55 (2007); *Luckey v. Butler County*, No. 1:06cv123, 2007 WL 4561782, at *1 (S.D. Ohio Dec. 21, 2007) (characterizing *Bell Atlantic* as requiring that a complaint " 'state a claim to relief that is plausible on its face' " (quoting *In re OSB Antitrust Litigation*, No. 06-826, 2007 WL 2253419, at *2 (E.D. Pa. Aug. 3, 2007))).  To be considered plausible, a claim must be more than merely conceivable.  *Assoc. of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007).  Thus, the factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Bell Atlantic*

*Corp.*, 550 U.S. at 555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

    **B. Analysis**

Cook and the Village argue that dismissal is warranted because Stevens has filed his case outside the applicable statute of limitations. The pleading does not identify expressly a claim for relief, but simply references the asserted deprivation by individuals acting under color of state law of Stevens' rights under federal law or the United States Constitution. Such a claim presents an action under 42 U.S.C. § 1983. That statute provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983. Thus, in order to assert valid § 1983 claims, Stevens must show that, while acting under color of state law, Defendants deprived him of a right secured by the Federal Constitution or laws of the United States. *See Alkire v. Irving,* 330 F.3d 802, 813 (6th Cir. 2003). To survive the motions to dismiss, Stevens must have brought his § 1983 claims within the applicable statute of limitations.

Section 1983 does not specify a statute of limitations. This omission means that Ohio's two-year statute of limitations applies. *See Trzebuckowski v. City of Cleveland,* 319 F.3d 853, 855-56 (6th Cir. 2003) (two-year statute of limitations period found in Ohio Rev.Code § 2305.10 applies to § 1983 actions); *Browning v. Pendleton,* 869 F.2d 989, 991 (6th Cir.1989) (stating that "when a state, like Ohio, has multiple statutes of limitation for personal injury actions, the appropriate state statute of limitations to borrow for claims brought under 42 U.S.C. § 1983 is

the residual or general personal injury statute of limitations, not any statute of limitations for specific intentional tort." (citations omitted)). This statute of limitations begins to run when a "plaintiff[ ] knew or should have known of the injury which forms the basis of [his] claims." *Hodge v. City of Elyria,* 126 F. App'x 222, 224 (6th Cir. 2005).

According to the Complaint, the events giving rise to Stevens' § 1983 claims occurred on June 27, 2006. (Doc. # 3, at 3 ¶ 1.) The two-year statute of limitations began to run as of that date. Cook and the Village move for dismissal on the grounds that Stevens did not file his Complaint until July 21, 2009, well outside the two-year limitations period.

Cook and the Village are correct that Stevens' claims are time barred, but one point of their analysis warrants discussion. Stevens belatedly initiated this action on July 21, 2009, well outside the limitations period, with the filing of his motion for leave to proceed *in forma pauperis*. (Doc. # 1.) On that same day, Stevens also tendered to the Clerk a copy of his Complaint, which the Clerk marked as "Received." (Doc. # 3.) After the Magistrate Judge granted Stevens' motion in a July 29, 2009 Order (Doc. # 2), the Complaint was filed on the docket as of that same date (Doc. # 3).

Although the docket indicates that the pleading was filed on July 29, 2009, the Sixth Circuit has explained:

> When a petitioner files for permission to file IFP [ *in forma pauperis* ], a complaint is considered filed on the day the clerk's office receives both the complaint and the application to proceed IFP, even if the complaint is not formally stamped "filed" until a later date when the IFP application is granted.

*Scott v. Evans,* 116 F. App'x 699, 701 (6th Cir. 2004) (citing *Dean v. Veterans Admin. Reg'l Office,* 943 F.2d 667, 671 (6th Cir. 1991), *vacated and remanded on other grounds*, *Dean v. Veterans Admin. Reg'l. Office,* 503 U.S. 902 (1992)). Therefore, as another judge in this District

4

has correctly reasoned, once a plaintiff moves to proceed *in forma pauperis,* the statute of limitations is tolled. *See Simmons v. Ohio Civil Service Emp. Assoc.,* 259 F. Supp. 2d 677, 681-82 (S.D. Ohio 2003) (stating "[i]n the Sixth Circuit, if a claimant moves to proceed *in forma pauperis,* the statute of limitations for filing a claim . . . is equitably tolled during the pendency of the plaintiff's motion." (quoting *Truitt v. County of Wayne,* 148 F.3d 644, 647-48 (6th Cir. 1998))). This is why Cook and the Village refer to Stevens' Complaint as having been filed as of June 21, 2009, but why the docket indicates a later filing date. Even with the benefit of the earlier filing date, however, Stevens' Complaint is nonetheless late. The statute of limitations on Stevens' § 1983 claims expired in June 2008.

### III. Conclusion

For the foregoing reasons, this Court **GRANTS** the motions to dismiss. (Docs. # 7 & 11.)

**IT IS SO ORDERED**.

      /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE